IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBRA L. PARSOW, Individually and for her IRA Account, | ) ) ) | |
| Plaintiff, | ) ) | 8:11CV297 |
| vs. | ) ) | ORDER |
| PARSOW'S FASHIONS FOR MEN, INC., and PARSOW'S FASHIONS FOR MEN, INC., PROFIT SHARING PLAN, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion for Protective Order and Request for Oral Argument (Filing No. 45). The defendants filed a brief (Filing No. 47) and an index of evidence (Filing No. 46) in support of the motion. The plaintiff filed a brief (Filing No. 54) and an index of evidence (Filing No. 53) in opposition to the motion. The defendant filed a brief (Filing No. 57) in reply.

## BACKGROUND

The plaintiff filed this lawsuit on September 1, 2011, on behalf of herself and her tax qualified individual retirement account. **See** Filing No. 1 - Complaint. The case was stayed from November 30, 2011, until July 16, 2012, to allow administrative review of the plaintiff's allegations. **See** Filing Nos. 23 & 33. On August 6, 2012, the plaintiff filed an amended complaint. **See** Filing No. 34. The plaintiff alleges the defendants are liable to her for a breach of fiduciary duty and contract resulting in losses sustained by the retirement account. *Id.* Specifically, after Steven Parsow died on September 10, 2008, the plaintiff, as sole beneficiary, requested a single lump sum payment from Steven Parsow's profit sharing plan to the retirement account. *Id.* ¶¶ 13-14. The plaintiff alleges she received only a partial payment of the amount owed. *Id.* Additionally, the plaintiff alleges the plan sponsor's agent, Alan Parsow, caused the plan's funds to be invested in a limited partnership in which Alan Parsow had a partnership interest, resulting in a conflict of

interest. *Id.* ¶ 18. Based on these facts, the plaintiff asserts claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* for failure to pay individual benefits (Claim I) and for breach of fiduciary duty and contract by failing to pay sums due (Claim II). The plaintiff also seeks the benefit of civil penalties imposed under ERISA against Parsow's Fashions for Men, Inc. (Claim III) and other equitable relief, including an accounting and disgorgement of unjustly withheld funds (Claim IV).

### A.  Underlying Conflict

Prior to his death, Steven Parsow served as the Plan Administrator of the Profit Sharing Plan and the Chairman of the Plan Investment Committee. **See** Filing No. 47 - Ex. B - David Parsow's Aff. ¶ 3. On November 20, 2007, Steven Parsow executed an Investment Election Form and chose to invest 100% of his assets under the Plan in Elkhorn Partners despite having other options available under the Plan. *Id.* ¶ 4; *Id.* Ex. B(3) - Election Form. Prior to 2008, Elkhorn Partners generated favorable returns, however it sustained significant losses in 2008. *Id.* Ex. C - Alan Parsow's Aff. ¶ 11. On April 14, 2008, the plaintiff received notice the portfolio had declined in value. *Id.* Steven Parsow died on September 10, 2008, without a formal estate plan. **See** Filing No. 34 - Amended Complaint ¶ 13; Filing No. 46 Ex. C - Alan Parsow's Aff. ¶ 9. On October 18, 2008, the plaintiff received another notice advising her that the portfolio had decreased in value. *Id.* ¶ 11. On November 25, 2008, the plaintiff requested to withdraw her own and Steven Parsow's personal investments in Elkhorn Partners. *Id.* ¶ 12. On April 1, 2009, after the annual audit was completed, two payments were issued:  $89,800.67 to the Estate of Steven Parsow and $78,685.00 to Debra Parsow. *Id.* ¶ 13. Also on April 1, 2009, the plaintiff executed a Release of Claims. *Id.* Ex. C(2) - Release of Claims. The Release of Claims was based on a dispute between Debra Parsow and the Parsow family over distribution of Steven Parsow's assets. **See** *id.* Ex. C - Alan Parsow's Aff. ¶ 9.

On April 29, 2009, payment was issued to Debra Parsow's IRA account in the amount of $637,002.03 for purposes of liquidating all amounts held in the Profit Sharing Plan on behalf of Steven Parsow. *Id.* Ex. B - David Parsow's Aff. ¶ 6. The plaintiff filed a request for additional benefits, which was denied by the Plan Administrator on February

17, 2012.  *Id.* Ex. B(4).  The plaintiff's claim for further review of the February 17, 2012, determination was denied by the Plan Administrator on May 18, 2012.  *Id.* Ex. B(5).

The plaintiff submitted over sixty requests for information and documents to the Plan and the Plan Trustee, First National Bank of Omaha, prior to filing this lawsuit and during the administrative process.  *Id.* Ex. B - David Parsow's Aff. ¶ 7; Ex. B(1) - Profit Sharing Plan Summary Plan Description p. 22 (listing Plan's Trustee and Administrator).  The plaintiff received information and documents in response to her requests, however she argues "[m]ost [of her requests] were refused."  **See** Filing No. 54 - Response p. 3. The plaintiff also received the administrative record.  **See** Filing No. 46 Ex. B - David Parsow's Aff. ¶ 8.

### B.  Discovery Dispute

On July 16, 2012, the court imposed a deadline for the defendants to file a notice containing a listing of the documents they contend comprise the administrative record.  **See** Filing No. 33.  On August 20, 2012, the defendants filed notice and served the plaintiff with the documents they contend constitute the administrative record for purposes of the plaintiff's claims.  **See** Filing No. 36.  The defendants contend the plaintiff sought and received discovery prior to filing this lawsuit and during the administrative review.  **See** Filing No. 47 - Brief p. 1-2.

On October 16, 2012, the plaintiff served a notice of her intent to serve subpoenas on non-parties Alan Parsow and the Elkhorn Partners Limited Partnership for depositions, including requests for documents.  **See** Filing No. 40.  Similarly, on October 19, 2012, the plaintiff served Interrogatories and Requests for Production and notices to take depositions of Parsow's Fashions for Men, Inc. and Parsow's Fashions for Men, Inc., Profit Sharing Plan.  **See** Filing Nos. 42 & 43.  On October 22, 2012, the defendants served notice of their objections to the notice of subpoenas on non-parties.  **See** Filing No. 44.  On October 26, 2012, the defendants filed the instant motion for a protective order seeking to prevent additional discovery.  **See** Filing No. 45 - Motion.  The defendants contend the plaintiff's discovery requests are improper under ERISA, which generally prevents the use of

evidence outside the administrative record, in addition to being frivolous, vexatious, and unduly burdensome.  **See** Filing No. 47 - Brief p. 2.

The plaintiff notes the court granted leave to conduct modest discovery.  **See** Filing No. 54 - Response p. 1.  The court set a discovery deadline of October 31, 2012, provided that "[a]ll interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before the deposition deadline."  **See** Filing No. 39.  The plaintiff's October 19, 2012, Certificate of Service states she served interrogatories and requests for production on September 28, 2012.  **See** Filing No. 43.  On October 26, 2012, the defendants served answers and objections.  **See** Filing No. 46 Ex. A(1).  By notices served on October 16, 2012, and October 19, 2012, the plaintiff sought to schedule the defendants' and the non-parties' depositions for October 29, 2012.  **See** Filing Nos. 40, Filing No. 46 Exs. A(3) & A(4).

The plaintiff argues the Plan failed to appropriately value Plan assets pursuant to Plan documents.  **See** Filing No. 54 - Response p. 3.  Specifically, the plaintiff contends assets should be "valued for purposes of death as of the end of the calendar quarter preceding, or following death."  *Id.* (**citing** Filing No. 46 - Ex. B(1) - Profit Sharing Plan Summary Plan Description p. 21; Ex. 1(G) - FNNI Defined Contribution Prototype Plan & Trust § 6.01(B) (found at Page ID# 577)).  Further the plaintiff argues the discovery sought would disclose potential inaccuracies with the Plan's decisional methodology.  **See** Filing No. 54 - Response p. 4.  The plaintiff states she sought such documents and asked that they be made part of the administrative record but her requests were denied.  *Id.* at 4-5.  Additionally, the plaintiff seeks information to allow her to conduct an independent valuation of her interest in Plan assets.  *Id.* at 6.  The plaintiff contends the relevant information goes to the heart of her claim for benefits and the defendants' conflicts of interest, which poisoned the process because the defendants manipulated the administrative record.  *Id.* at 6-7.  The plaintiff argues the undisputed facts establish a conflict of interest, essentially "Alan Parsow is a Director and Shareholder of [Parsow's Fashions for Men, Inc.]" as well as "the General Partner of Elkhorn Partners, LP, and is believed to have acted as the Plan Administrator's designee in charge of, and responsible

4

for, controlling and operating the Plan for [Parsow's Fashions for Men, Inc.]." *Id.* at 8. Even so, the defendants deny a conflict of interest exists. *Id.* (**citing** Filing No. 47 - Brief p. 6 n.3 ("Defendants submit that there is no conflict of interest in this case as each participant has their own account under the Profit Sharing Plan and decides how the money will be invested under the Plan options.")). Based on the defendants' statement, the plaintiff contends she is entitled to discovery about participants' control over, and Alan Parsow's involvement in, the administration of the Plan. *Id.* at 9. In any event, the plaintiff argues she is entitled to discovery on her breach of fiduciary duty and equitable relief claims, which are not limited in the same manner as a claim for benefits under ERISA. *Id.* at 9-10. Similarly, the plaintiff contends discovery into the defendants' affirmative defenses and counterclaim should be allowed. *Id.* at 10-11.

The defendants argue the plaintiff is not entitled to any additional discovery because the Plan grants the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the Plan. **See** Filing No. 47 - Brief p. 6. Additionally, the defendants contend the plaintiff released any claims she had against the non-parties Alan Parsow and Elkhorn Partners, who did not participate in the valuation and calculation of benefits under the Plan. *Id.* at 8-9. The defendants argue the plaintiff has failed to meet her burden to show additional discovery is warranted. **See** Filing No. 57 - Reply p. 6. Further, the defendants contend the plaintiff received a complete copy of the administrative record, which fully addresses her claims and the defendants' counterclaims and affirmative defenses. *Id.* The defendants ask the court to hold a hearing on their motion to require the plaintiff to justify her discovery requests. *Id.*

## ANALYSIS

The standard of review employed in an ERISA action dictates the scope and methods of discovery. Although ERISA, itself, does not specify a standard of review, the Supreme Court has recognized two different standards depending on the discretionary authority of the ERISA plan's fiduciary. **See *Firestone Tire & Rubber Co. v. Bruch***, 489 U.S. 101, 115 (1989). "In an ERISA case where . . . the plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms

of the plan, [the court] review[s] the administrator's decision for an abuse of discretion." ***Murphy v. Deloitte & Touche Group Ins. Plan***, 619 F.3d 1151, 1157 (10th Cir. 2010) (internal quotation marks omitted); **see *Hankins v. Standard Ins. Co.***, 677 F.3d 830, 834 (8th Cir. 2012). The plan administrator's decision will be reversed only if it is arbitrary and capricious. See ***McClelland v. Life Ins. Co. of N. Am.***, 679 F.3d 755, 759 (8th Cir. 2012). Under this standard, a plan administrator's benefits decision will be upheld as reasonable so long as it is supported by substantial evidence and "because Federal Rule of Civil Procedure 26(b)(1) permits discovery only where it 'appears reasonably calculated to lead to the discovery of admissible evidence,' extra-record discovery would generally seem inappropriate." ***Murphy***, 619 F.3d at 1157; **see *McClelland***, 679 F.3d at 759. Accordingly, "[i]n ERISA cases, the general rule is that review is limited to evidence that was before the administrator . . . ." ***Jones v. ReliaStar Life Ins. Co.***, 615 F.3d 941, 945 (8th Cir. 2010).

However, the "court may consider evidence not in the administrative record 'if the plaintiff shows good cause' for its omission." ***Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan***, 476 F.3d 626, 630 (8th Cir. 2007) (**quoting *Brown v. Seitz Foods, Inc. Disability Benefit Plan***, 140 F.3d 1198, 1200 (8th Cir. 1998)); **see *Menz v. Procter & Gamble Health Care Plan***, 520 F.3d 865, 871 (8th Cir. 2008) ("If a conflict of interest is not apparent from the record, the district court may permit discovery and supplementation of the record to establish these facts if the plaintiff makes a showing of good cause."); **see also *Sloan v. Hartford Life and Acc. Ins. Co.***, 475 F.3d 999, 1004 (8th Cir. 2007) (noting a district court should not exercise discretion to consider evidence outside the administrative record on *de novo* review absent good cause). "In determining whether good cause exists, [the Eighth Circuit Court of Appeals has] focused in large part on whether the claimant had an opportunity to present the additional evidence during the administrative proceedings." ***Sloan***, 475 F.3d at 1004. Failure to present particular evidence, despite having an opportunity to do so, demonstrates a lack of good cause. ***Id.*** (**citing *Davidson v. Prudential Ins. Co.***, 953 F.2d 1093, 1095 (8th Cir. 1992)). On the other hand, good cause exists in the absence of a "full and fair review" of a benefits claim afforded by a plan administrator. See 29 U.S.C. § 1133(2); ***Rittenhouse***, 476 F.3d at 631. "More concretely, for a claims procedure to be considered 'full and fair,' an administrator

6

must 'provide claimants *the* opportunity to submit written comments, documents, records, and other information relating to the claim for benefits'." *Rittenhouse*, 476 F.3d at 631 (**quoting** 29 C.F.R. § 2560.503-1(h)(2)(ii)).

In this case, the defendants contend the appropriate review is that of abuse of discretion based on the Plan's grant of discretionary authority to the plan administrator. **See** Filing No. 47 - Brief p. 6. The Plan provides:

> The Administrator has the complete power, in its sole discretion, to determine all questions arising in connection with the administration, interpretation and application of the plan (and any related documents and underlying policies). Any such determination by the Administrator is conclusive and binding upon all persons.

**See** Filing No. 46 - Ex. B(1) - Profit Sharing Plan Summary Plan Description p. 22. The plaintiff contests, arguing the appropriate standard is "less deferential" because the facts indicate a conflict of interest existed. **See** Filing No. 54 - Response p. 7-8.

This Court will not, at this time, determine the standard of review, however the amount of discovery allowed will be limited to that potentially permissible under either standard. The plaintiff seems to contend she was not afforded a full and fair review by the defendants and the Plan because the defendants denied to provide discovery outside the administrative record for inclusion in the record. **See** Filing No. 54 - Response p. 4-7. The plaintiff argues she was prevented from including relevant documents for the administrative review because she did not have access to the defendants' records. *Id*. at 7. However, the plaintiff fails to present any showing suggesting what favorable evidence she might now add or how it may impact her claim. Moreover, the plaintiff fails to show the final administrative record was incomplete such that no proper benefits decision could be made without the evidence the plaintiff now seeks to provide. In fact, the plaintiff argues the evidence in the record shows a conflict of interest existed, the defendants used an incorrect valuation method under the terms of the Plan, and uncontested dated account statements show the value of the assets in support of the correct valuation method.

Moreover, the plaintiff did have an opportunity to present the types of evidence the plaintiff now seeks to add. Specifically, the Plan allows a claimant the opportunity on appeal to the Claims Administrator to "submit written comments, documents, records, and

other information relating to your claim for benefits" and receive reasonable access to information relevant to a claim.  **See** Filing No. 46 - Ex. B(1) - Profit Sharing Plan Summary Plan Description p. 16-17.  Additionally, the plaintiff filed an affidavit and other documents with her response brief alleging Alan Parsow's misconduct and her position on how the benefits should have been calculated under the Plan.  The Administrative Record before the defendant did contain many objective documents including the Plan language and account statement information.

The current law sets a high bar for the plaintiff.  The plaintiff failed to take advantage her opportunity to provide additional evidence in support of her claim for benefits.  The plaintiff fails to show the evidence already in the administrative record was incomplete such that no proper benefits decision could be made without the evidence the plaintiff now seeks to provide or gather through additional discovery.  The plaintiff also failed to explain her failure to submit such evidence aside from the documents she sought from the defendants.  The plaintiff's conclusory statements and unsupported arguments are insufficient to meet her burden.  The plaintiff fails to specifically describe any discovery or category of discovery necessary to respond to the defendants' counterclaims and affirmative defenses.  Although the plaintiff seeks discovery to explore a conflict of interest, she also asserts the record evidence supports her theory of a conflict, so discovery is unnecessary to establish the existence of a conflict.  **See *Jones***, 615 F.3d at 945.  The plaintiff's challenge to the merits of the benefit's valuation decision involves an application of policy language to undisputed facts, and the administrative record is sufficient to permit a fair evaluation of the decision.  Accordingly, the plaintiff failed to show good cause why the administrative record should be expanded.  Upon consideration,

**IT IS ORDERED:**

1.   The defendants' Motion for Protective Order (Filing No. 45) is granted.

2.   The defendants' Request for Oral Argument (Filing No. 45) is denied.

DATED this 22nd day of January, 2013.

                BY THE COURT:

                 s/ Thomas D. Thalken
                United States Magistrate Judge