IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEBRA L. PARSOW, Individually, and for
her IRA Account;

Plaintiff,

vs.

PARSOW'S FASHIONS FOR MEN, INC.,
a Corporation; and  PARSOW'S
FASHIONS FOR MEN, INC., PROFIT
SHARING PLAN,

Defendants.

**8:11CV297**

**MEMORANDUM AND ORDER**

This matter is before the court on the defendants' motion for attorney fees, Filing No. 87.  Previously this court found against the plaintiff in this case and entered summary judgment in favor of the defendants.  Filing Nos. 85 and 86.  The court determined that a number of the claims lacked merit and were frivolous.  *Id.*  Defendants now move the court for an award of fees pursuant to 29 U.S.C. § 1132(g) of the Employee Retirement Income Security Act, and NECivR 54.3.  Defendants request fees in the amount of $37,844.00, plus costs.  An index in support of the motion sets forth the billing statement and exhibits.  Filing No. 88.

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1); *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242 (2010).  Further, this court has recently stated:

> [c]ourts should consider ERISA's remedial nature in determining whether to award fees.  *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006).  ERISA is remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans.  *Id.*  A district court considering a motion for attorney fees under ERISA should therefore apply its discretion consistent

with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.  *Id.*

*Johnson v. United of Omaha Life Ins. Co.,* 8:11CV296, 2013 WL 3400095 (D. Neb July 5, 2013).  The Eighth Circuit has identified five factors the court should consider in this regard:

> (1) the degree of the opposing parties' culpability or bad faith;
>
> (2) the ability of the opposing parties to satisfy an award of attorneys' fees;
>
> (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances;
>
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal [question] regarding ERISA itself; and
>
> (5) the relative merits of the parties' positions.

*Lawrence v. Westerhaus,* 749 F.2d 494, 495-96 (8th Cir. 1984) (quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)).

Defendants contend that these five factors are clearly met.  First, plaintiff knew her claims were meritless.  Second, defendants argue that plaintiff pursued this litigation, that she received $637,002.03 prior to this litigation, and thus she has funds to pay the fees.  Third, granting the motion will deter others from filing meritless claims.  Fourth, there is no evidence that this lawsuit would have benefited the Plan.  Fifth, there is no good faith argument, and the court found the claims to be frivolous and without merit.  Plaintiff and her husband had been investors for 15 years and knew how the Plan was valuated each year, argue defendants.  Finally, defendants contend that they repeatedly told plaintiff that her claims were frivolous and they intended to seek attorney fees if the case proceeded to court.

Plaintiff argues she came to court in good faith, had limited resources, desired a fair accounting, and attempted to obtain a valid determination regarding accounting dates.  As a result, she argues that the *Hardt* factors 4 and 5 weigh against an award of attorney fees.  With regard to the good faith argument, plaintiff contends that she asked legitimate questions regarding the amounts on the account statements and her position was reasonable.  Although the court disagreed with her valuation date, plaintiff argues that her contention was not ludicrous.  With regard to her ability to pay, plaintiff argues that she has to live on the benefit received for the next 35 years of her life.  Plaintiff argues she attempted to assure a fair accounting because the amount on the statement did not match the amount at the time of death.

Although this is a close question, the court determines that attorney fees will not be awarded to the defendants.  First, the court notes that the plaintiff's argument was a long shot at best.  However, although the court found some of the claims frivolous, they were not so objectively groundless as to find attorney fees an appropriate sanction, nor is there any showing of bad faith on the part of the plaintiff.  The court is of the opinion that plaintiff believed she had a credible claim.  *Pendleton v. QuikTrip Corp.,* 567 F.3d 988, 995 (8th Cir. 2009), citing *Maune v. Int'l Broth. of Elec. Workers, Local No. 1, Health & Welfare Fund*, 83 F.3d 959, 964 (8th Cir.1996) (holding that when a plaintiff brings a claim in good faith it can be sufficient to deny an award of attorney fees to the other party).  Further, based on plaintiff's representation to the court, she has limited funds to pay such an award.  For these reasons, the court will not award attorney fees to the defendants.

THEREFORE, IT IS ORDERED that defendants' motion for attorney fees, Filing

No. 87, is denied.

Dated this 17th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge